

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2002

# S.M. v. Lakeland Sch Dist

Precedential or Non-Precedential:

Docket No. 01-3006

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"S.M. v. Lakeland Sch Dist" (2002). *2002 Decisions.* Paper 270.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3006

_____


S.M., on her own behalf and in her capacity as the
natural parent, guardian, and next of friend of her
minor child, L.G.,

Appellant

v.


THE LAKELAND SCHOOL DISTRICT; ROBERT GIGHARELLI, in his
official capacity as Superintendent; ANTHONY CERRA,
Individually, and in his capacity as a teacher in the
School District

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil. No. 99-cv-00523
District Judge:  The Honorable Thomas I. Vanaskie, Chief Judge

_____


Submitted Under Third Circuit LAR 34.1(a)
April 9, 2002

_____


Before: McKEE, BARRY, and ALARCON, Circuit Judges

(Opinion Filed: April 11, 2002)


_____


OPINION

_____


BARRY, Circuit Judge

This is a civil rights action brought under 42 U.S.C.  1983 on behalf of an eleven-year old fifth grade student alleging violations of the substantive component of the Due Process Clause by her teacher, Anthony Cerra, the school district, and the superintendent. The District Court granted summary judgment in favor of the defendants.  S.M. v. The Lakeland Sch. Dist., 148 F. Supp. 2d 542 (M.D. Pa. 2001).  We have jurisdiction pursuant to 28 U.S.C.  1291 and will affirm.

We review the District Court's grant of summary judgment de novo.  In so doing, we must view the record in the light most favorable to appellant and determine whether genuine issues of material fact exist and, if not, whether appellees are entitled to judgment as a matter of law.  Sheet Metal Workers' Int'l Ass'n v. Herre Bros., 201 F.3d 231, 239 (3d Cir. 1999).

The parties are familiar with the facts of the underlying dispute and we will, accordingly, discuss them only as necessary to resolve the issues presented.

Suffice it to say, Cerra is not an ideal elementary school teacher.  Viewing the evidence in the light most favorable to appellant, Cerra has a history of and has been reprimanded for verbally berating, intimidating, and humiliating his young pupils.  The

record is devoid, however, of any evidence that Cerra ever used physical force against a student.

On December 15, 1998, L.G. was a member of Cerra's fifth grade math class. The events of that day form the basis of appellant's due process claim, which the District Court aptly summarized as follows:

> L.G., along with nine other students, was called to the board to do math problems on estimating. L.G. was having obvious difficulty solving the problem. After a period of time, Cerra told the students to sit down, with the exception of L.G., who was told to remain standing. Cerra asked L.G. repeatedly, in a loud voice, why she did not know the answer, and what the answer was. According to L.G., Cerra had his finger in her face as she was standing by her desk. L.G. began crying. At one point, L.G. exclaimed, "Jesus Christ, stop yelling at me. You're driving me crazy." Cerra told L.G. to leave the classroom, but then changed his mind and told her to come back. He then came close to L.G.'s face and said "Don't ever say that in the classroom." At no time did Cerra physically touch L.G.

Lakeland, 148 F. Supp. 2d at 544-45.

That evening, L.G. exhibited nervousness and that night had difficulty sleeping. The next day, she developed hives and complained of an upset stomach, which lasted a day or two. L.G. also had one nightmare involving Cerra. It is undisputed, however, that L.G. did not seek or receive medical treatment for anything other than the hives.

Based on this evidence, appellant cannot sustain a substantive due process claim against Cerra, nor can she support her claim for municipal liability. To sustain a substantive due process claim, appellant must show that Cerra's conduct "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846-48 (1998); Gottlieb v. Laurel Highlands Sch. Dist., 272 F.3d 168, 172 (3d Cir. 2001); Fagan v. City of Vineland, 22 F.3d 1296, 1303 (3d Cir. 1994) (en banc). Cerra's conduct, while surely inappropriate, simply does not rise to the high level needed for a constitutional violation. As the District Court observed, "the established precedents, consistent with the Supreme Court's admonition against an overly generous reading of the substantive component of the due process clause, compel the conclusion that Mr. Cerra's conduct, although unfortunate, is not conscience shocking." Lakeland, 148 F. Supp. 2d at 548.

Appellant's municipal liability claim also fails because appellant cannot demonstrate the deprivation of a constitutional interest or right. Again, as the District Court stated: "Even assuming that the school district had a policy or custom of inaction towards Mr. Cerra's verbal harassment of students which culminated in the incident involving L.G., plaintiff's claim against the Lakeland defendants fails as a matter of law because plaintiff has not established that L.G. suffered the violation of a constitutional right." Lakeland, 148 F. Supp. 2d at 551.

As we have already discussed, we reject appellant's contention that she has established a substantive due process violation. Moreover, whatever constitutional right may exist to be free of verbal harassment by schools and appellant points to none the facts of this case and the harm suffered by appellant simply do not rise to a level sufficient to establish a deprivation of liberty or any other constitutional right. Accordingly, the municipal liability claims against the school district and superintendent fail.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment on behalf of appellees.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ MaryAnne T. Barry
Circuit Judge